UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RAYMOND SPRAGUE, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) No. 2:10-cv-150-DBH |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant | ) |

**REPORT AND RECOMMENDED DECISION[1]**

The plaintiff in this Social Security Disability ("SSD") appeal contends that two of the three jobs that the administrative law judge identified as being available to him based on his residual functional capacity ("RFC") in fact were not, that a single job at the sedentary level is insufficient as a basis to deny benefits, that the administrative law judge failed to specify the frequency of the plaintiff's need to alternate sitting and standing as required, that his use of the word "rarely" instead of the word "occasionally" constituted reversible error, and that the RFC assigned by the administrative law judge failed to account for his finding that the plaintiff had moderate limitations in concentration, persistence, or pace. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520, *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982),

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on March 18, 2011, pursuant to Local Rule 16.2(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

the administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act only through December 31, 2007, Finding 1, Record at 16; that he suffered from post-laminectomy syndrome of the lumbar spine, status post discectomy and follow-up fusion with some evidence of reactive depression secondary to pain, impairments that were severe but which, considered separately or in combination, did not meet or equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, *id*. at 16-17; that he retained the RFC to perform sedentary work with only rarely lifting as much as 10 pounds, a sit or stand option, and no more than simple, rote tasks, Finding 5, *id*. at 17; that he was unable to return to any past relevant work, Finding 6, *id*. at 20; that, given his age (25 on the alleged date of onset), at least high school education, work experience, and RFC, use of Appendix 2 to 20 C.F.R. Part 404, Subpart P, as a framework for decision-making led to the conclusion that there were jobs existing in significant numbers in the national economy that the plaintiff could perform, Findings 7-10, *id*. at 20-21; and that the plaintiff was, therefore, not under a disability as that term is defined in the Social Security Act at any time from the alleged date of onset, December 1, 2001, through the date of the decision, Finding 11, *id*. at 21. The Appeals Council declined to review the decision, *id*. at 1-3, making it the final determination of the commissioner, 20 C.F.R. § 404.981, *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as

adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

**Discussion**

**A. Available Jobs**

The administrative law judge adopted the vocational expert's testimony that the jobs of information clerk, cutter/paster, and call out operator were available to the plaintiff. Record at 21. The plaintiff contends that two of these jobs, apparently information clerk and call out operator, bear General Educational Development ("GED") reasoning designations of 3 in the Dictionary of Occupational Titles ("DOT") and, therefore, are not available to a person with an RFC limiting him to simple, rote tasks. Plaintiff's Itemized Statement of Errors ("Itemized Statement") (Docket No. 10) at 3-4.

The GED reasoning level of the information clerk job is 4. Dictionary of Occupational Titles (U.S. Dep't of Labor 4th ed. 1991) § 237.367-022. The GED reasoning level of the call out operator position is 3. *Id*. § 237.367-014. This court need not decide whether these jobs are consistent, as the vocational expert testified, Record at 48-49, with a limitation to simple, rote tasks, because one of the jobs identified by the vocational expert, cutter-and-paster, has a GED

3

reasoning level of 2, *id*. § 249.587-014, which is consistent with that limitation. *Pepin v. Astrue*, Civil No. 09-464-P-S, 2010 U.S.Dist.LEXIS 98294, at *5-*17 (D. Me. Aug. 24, 2010), *aff'd* 2010 WL 3724286 (D. Me. Sept. 16, 2010) (no objection filed).

### B. Single Job

The plaintiff next contends that the single remaining job identified by the administrative law judge and the vocational expert is insufficient because "[t]he agency's own rulings demonstrate that limitation to a single job at the sedentary level does not meet the requirements." Itemized Statement at 4. Specifically, *id.*, he cites the following language from Social Security Ruling 96-9p:

> Where there is more than a slight impact on the individual's ability to perform the full range of sedentary work, if the adjudicator finds that the individual is able to do other work, the adjudicator must cite examples of occupations or jobs the individual can do and provide a statement of the incidence of such work in the region where the individual resides or in several regions of the county.

Social Security Ruling 96-9p ("SSR 96-9p"), reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2010-2011), at 156 (plaintiff's emphasis omitted). Because the Ruling uses the plural, the plaintiff contends, a single sedentary job cannot suffice as a matter of law. Itemized Statement at 4-5. He cites no other authority in support of this argument. I was unable to locate any case law supporting it.

This court has frequently held in Social Security cases that the availability of a single job for the plaintiff meets the commissioner's burden at Step 5. *See, e.g., Doucette v. Barnhart*, No. 04-89-P-S, 2004 WL 2862174, at *6 (D. Me. Dec. 13, 2004), *aff'd* Docket No. 12 (Jan. 4, 2005); *Brun v. Barnhart*, No. 03-44-B-W, 2004 WL 413305, at *5-*6 (D. Me. Mar. 3, 2004) (sedentary RFC), *aff'd* 2004 WL 1572695 (D. Me. Apr. 5, 2004). I find the plaintiff's interpretation of SSR 96-9p unduly restrictive. I see no reason why only a sedentary RFC would require the

4

commissioner to identify more than one job as available in sufficient numbers in the national economy to meet his evidentiary burden at Step 5 of the sequential evaluation process.[2] The plaintiff simply places too much weight on pluralizing in SSR 96-9p.

### C. Sit/Stand Option

The plaintiff next contends that the administrative law judge committed a fatal error by failing to specify the frequency with which he would need to alternate sitting and standing. Itemized Statement at 5-6. SSR 96-9p does require, when dealing with an RFC for sedentary work, that the assessment "must be specific as to the frequency of the individual's need to alternate sitting and standing." SSR 96-9p at 158.

When the administrative law judge posed his hypothetical question to the vocational expert at the hearing held in this case, the following exchange took place:

> Q: Let's envisage a hypothetical individual, male, 31 years of age with a GED and past relevant work as has been characterized for the Claimant in this matter. This individual has had back problems which required two surgeries and resulted or culminated in a diagnosis of failed back syndrome and from this has developed – from the limitations of this has developed the reactive depressive disorder. . . .
> For the first hypothetical question we're going to limit this individual to sedentary positions, but they must be sedentary positions[] which would allow for a sit/stand option and we're also going to limit the individual due to interference with concentration from pain, side effects of medication from pain, and general emotional concentration to simple[,] rote tasks. Given those limitations[,] could such an individual perform any of this Claimant's past relevant work either as he performed it or as it is generally performed in the national economy?
>
> A. No, Your Honor.

---

[2] At oral argument, the plaintiff's attorney argued that a strict interpretation of the use of the plural in the Ruling is supported by the generally known fact that far fewer jobs are classified by the Dictionary of Occupational Titles as sedentary than are classified at the light exertional level or higher. In the absence of any indication in the Ruling that this fact played into the language used, I do not agree that this fact alone requires the interpretation of the Ruling urged by counsel.

5

> Q. Are there positions that exist in the national economy that would accommodate the limitations we've thus far outlined? . . . The limitations are simple[,] rote tasks.
>
> A. And to what extent, 50 percent of the time, 33 percent of the time?
>
> Q. Well[,] I'm going to get to that in a later . . . question. . . . At this point the only limit is simple[,] rote tasks, but I am going to graduate.
>
> A. Okay. [] Well[,] sit/stand options certainly of a sedentary nature SVP 2 obviates a preponderance of work options. There would be a couple of jobs that would be sit/stand and that would be sedentary and unskilled. One would be an information clerk, 237.367-033, sedentary, SVP 2. Regional economy 500 plus, national economy 500,000 plus. The other one was a cutter/paster, press clippings, 249.587-014, sedentary, SVP 2. Regional economy 425 plus, national economy 250,000. I have one more that may apply. Caller/operator during credit checks, 237.367-014, sedentary, SVP 2. Regional economy 350, national economy 250,000 and that's a plus.

Record at 47-49.

Later, the plaintiff's attorney asked the vocational expert:

> Q. [A]nd finally[,] in order for these jobs and any of these jobs to be performed with a sit/stand option[,] especially I'm looking at the cutter and paster job, this is work that's done in front of you on some sort of surface I assume?
>
> A. That's right and by virtue of what you're doing you could sit or stand, you don't really have an option necessarily although you can exercise that option, but yeah there would be certainly some standing.
>
> * * *
>
> ALJ: I think – yeah, what the counselor's getting at would you need some type of a button to raise the table with you as you rose?
>
> VE: Well, or just have a work station that's higher than other people – very common in industry now, somebody has a back problem and they're working and they're a good worker then an accommodation is made.

*Id*. at 52-53.

I have noted previously that the language of SSR 96-9p does not "preclude the use of a term describing the alternating of sitting and standing at will, rather than at specific intervals of elapsed time." *Cutting v. Astrue*, Civil No. 09-423-P-S, 2010 WL 2595144, at *2 (D. Me. June 23, 2010). "I do not see the need, when a sit/stand option is involved, to force an administrative law judge to choose a specific interval of time for sitting and/or standing, when there is no medical evidence cast in such terms, when the need is found to be for sitting and standing *at will*, and when the vocational expert testifies that a specific job is available under those terms." *Id*. at *3 (emphasis in original). *See also Cruz v. Astrue*, Civil Action No. 09-0508, 2010 WL 38098029, at *8-*9 (E.D.Pa. Sept. 28, 2010) (failure to specify intervals for sitting and standing harmless error where claimant could change position as needed).

Here, the medical evidence recited by the administrative law judge notes medical evidence requiring "frequent position change," Record at 19, and does not specify any particular interval for the change. The vocational expert apparently understood the hypothetical question to refer to alternate sitting and standing at will. *Id*. at 48-50, 52-55. It would certainly have been better practice for the administrative law judge and the vocational expert to state explicitly that the sit/stand option was to be available at will, but there is nothing more than harmless error, at best, in the record on this point.

### D. Rarely/Occasionally

The plaintiff next challenges the administrative law judge's finding that he could "perform sedentary work with only rarely lifting as much as ten pounds[.]" *Id*. at 17. He contends that sedentary work requires the ability to lift 10 pounds "occasionally," and that this distinction is critical, particularly because the hypothetical question posed to the vocational

7

expert was "phrased different than the ALJ's final determination of Mr. Sprague's RFC" in this regard. Itemized Statement at 7.[3]

Contrary to the plaintiff's contention, the hypothetical question was not ambiguous in this regard. The hypothetical question used the term "sedentary." Record at 47. It did not refer to specific weights to be lifted, or how frequently. The vocational expert's testimony was not compromised in the manner suggested by the plaintiff.

With respect to the wording of Finding 5 in the administrative law judge's opinion, it is true that the applicable regulation defines sedentary work as involving

> lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a). The adverb "occasionally" does not apply to the lifting of no more than 10 pounds at a time. Accordingly, the use of the phrase "only rarely lifting as much as ten pounds" in the opinion, even though it is never further explained, does not create an ambiguity requiring remand.

### E. Mental RFC

The plaintiff's final challenge is to the administrative law judge's use of a limitation to simple, rote tasks to account for the moderate limitations in concentration, persistence, or pace from which he found the plaintiff to be suffering. Itemized Statement at 7-8. The administrative law judge found that, "[w]ith regard to concentration, persistence or pace, the claimant has moderate difficulties." Record at 17. His hypothetical question to the vocational expert makes

---

[3] I reject the contention of counsel for the commissioner that the use of the phrase "at a time" immediately after "10 pounds" in 20 C.F.R. § 404.1567(a) "implies 'rarely.'" That assertion reads more into the regulation than can be justified.

8

clear that he intended the limitation to simple, rote tasks to encompass these difficulties. *Id.* at 47. The plaintiff's attorney did not address this issue in oral argument.

The plaintiff invokes my decision in *McHugh v. Astrue*, Civil No. 09-104-B-W, Itemized Statement at 8, but that decision does not necessarily govern here. In that case, the administrative law judge found, at Steps 2 and 3 of the sequential evaluation process, that the plaintiff suffered from a moderate limitation in concentration, persistence, or pace. Memorandum Decision on Motion to Supplement Record and Report and Recommended Decision (Docket No. 25, dated December 30, 2009), *McHugh v. Astrue*, Civil No. 09-104-B-W, at 7. The RFC assigned to the plaintiff by the administrative law judge included limitations to unskilled work and "to low-stress work, defined as work requiring only occasional judgment, decision-making, changes in the work setting, supervision, and interaction with co-workers, and no more than occasional, incidental contact with the public[.]" *Id.* at 4.

I held that "restrictions to unskilled work and to only occasional judgment, decision-making, and changes in the work setting . . . do not reflect moderate restrictions in the broad category of concentration, persistence, or pace." *Id.* at 7. There, the administrative law judge "fail[ed] to convey to the vocational expert the moderate limitations he found in concentration, persistence, or pace[,]" *id.* at 8. Here, the administrative law judge included such limitations in his hypothetical question to the vocational expert. He specifically said that the limitation to simple, rote tasks was "due to interference with concentration from pain, side effects of medication from pain, and general emotional concentration." Record at 47.

In *Leighton v. Astrue,* No. 07-142-B-W, 2008 WL 2593789 (D. Me. June 30, 2008), also cited by the plaintiff, Itemized Statement at 8, I found that an RFC limitation to "mak[ing] simple work-related decisions, . . . adapt[ing] to occasional work changes, and maintain[ing] a

9

goal-oriented pace, but not a production rate[,]" 2008 WL 2593789 at * 1, was not consistent with moderate difficulties in maintaining concentration, persistence, or pace, *id*. at *4. In *Leighton*, there was no indication in the record that the administrative law judge told the vocational expert that the limitations he included in the hypothetical question were intended to encompass such moderate difficulties, thereby giving the vocational expert the opportunity to testify that such difficulties were not consistent with the limitations included in the question. The hypothetical question in this case was posed with the limitations included in the question, and the vocational expert did not interpose an objection or ask for clarification.

I conclude that this case is distinguishable from *McHugh* and *Leighton* and that remand, accordingly, is not required.

## Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de</u> <u>novo</u> review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

***Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.***

Dated this 30th day of March, 2011.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge